LoConto, J.
This matter came before the Appellate Division oh the appeal of Intercity Lines, Inc. (Intercity) from the trial judge’s finding that it was responsible for violating 730 CMR 5.04(11) (e), that is, operating an overlength automobile transporter on the Massachusetts Turnpike on June 11,1996. The parties submitted briefs on the legal issues presented for review and orally argued said issues on May 6, 1997.[1] We rule that the trial judge committed prejudicial error and order the judgment be vacated and that Intercity be found not responsible.
There is no dispute that the appellant’s tractor-trailer was being operated on the Massachusetts Turnpike on June 11, 1996, with a special permit issued by the Turnpike Authority, authorizing a length of 53 feet for said trailer. When issued, this permit contained the language that it was “not valid for auto transporters.” The subject vehicle’s trailer measured 52 feet and contained at least one motor vehicle that was not visible inside this fully enclosed unit. The Turnpike Authority’s regulation defines an “automobile transporter” as: A unit in which a tractor power unit and semitrailer are engaged in the transportation of automobiles and in which the tractor power unit and the semitrailer carries a cargo of automobiles. 730 CMR 5.02. We rule that Intercity’s vehicle is not an “automobile transporter” as defined above. There is no dispute that its tractor could not carry a cargo of automobiles. And, in facts this trailer could be used to haul freight other than automobiles. A reasonable interpretation of the regulation’s definition of an “automobile transporter” does not include the appellant’s vehicle. Therefore, we order that the clerk of the Dudley District Court vacate the finding of “responsible” and enter a finding of “not responsible.”

 The Massachusetts Motor Transportation Association, Inc. and Reliable Carriers, Inc. filed amicus curiae briefs in support of the appellant, Intercity Lines, Inc.